# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| PEARLIE SANDIDGE, O/B/O A.J., A MINOR CHILD.<br>*Plaintiff*, | CASE NO. 6:15-cv-00006 |
| v. | <u>MEMORANDUM OPINION</u> |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>*Defendant*. | JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross Motions for Summary Judgment (dkts. 13 and 15), the Report & Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 21, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 22, hereinafter "Objections to R&R"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed his Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt Judge Ballou's R&R in full.

## I. BACKGROUND

Because Plaintiff does not object to the R&R's recitation of the factual background, I incorporate that summary into this opinion by reference. (*See* dkt. 21 at 4–7).

1

## A. THE ALJ'S DECISION

On January 22, 2014, Administrative Law Judge ("ALJ") Marc Mates held a hearing to consider Sandidge's disability claim on behalf of A.J., a minor. R. 27–46. Counsel represented A.J. at the hearing, which included testimony from Sandidge, A.J.'s mother. On December 23, 2013, the ALJ entered his decision denying Sandidge's claim. R. 9–26.

The ALJ analyzed Sandidge's claim under the required three-step inquiry. 20 C.F.R. § 416.924. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. 20 C.F.R. § 416.924(a), (b). Next, the ALJ must determine whether the claimant suffers from "an impairment or combination of impairments that is severe"; if not, the claimant is not disabled. 20 C.F.R. § 416.924(a), (c). To qualify as a severe impairment, a condition must cause more than a minimal effect on the claimant's ability to function. 20 C.F.R. § 404.924(c). If an impairment is "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," then it is not severe. *Id.* If the claimant has a severe impairment, the analysis progresses to step three where the ALJ must consider whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals a listing. 20 C.F.R. § 416.924(a), (d). If the claimant has such impairment, and it meets the duration requirement, the claimant is disabled. *Id.*

The ALJ found that A.J. suffered from the severe impairment of bilateral clubfeet, but concluded that this impairment did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16. In making this determination, the ALJ specifically considered 101.01 impairment "of a major peripheral weight-bearing joint, which results in an inability to ambulate effectively." *Id.*

When determining whether an impairment functionally equals a listed condition, the ALJ must consider six relevant domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). After considering these functions, the ALJ concluded that A.J.'s impairment of clubfeet was not functionally equivalent to a listed condition. R. 16–26.

The ALJ concluded that A.J. had "no limitation" in the domains of acquiring and using information; interacting and relating with others; and "less than marked limitation" in attending and completing tasks and moving about and manipulating objects. R. 22–25.

Thus, the ALJ determined A.J. was not disabled. After the Appeals Council denied Sandidge's request for review, this appeal followed.

### C. SUMMARY JUDGMENT MOTIONS AND THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

After cross motions for summary judgment were filed, Magistrate Judge Robert S. Ballou held a hearing, (dkt. 19), and on August 2, 2016, entered a report and recommendation.

Judge Ballou recommends denying Plaintiff's motion for summary judgment, and granting the Commissioner's motion. In his R&R, Judge Ballou addressed Plaintiff's contentions that the ALJ erred by determining that A.J. had "less than marked limitation" in moving and manipulating objects and health and well-being. After an extensive review of each argument, Judge Ballou concluded the ALJ's determinations were supported by substantial evidence. Dkt. 21.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## III. DISCUSSION

In Plaintiff's objections to the R&R, Sandidge argues that Judge Ballou erred in finding that substantial evidence supported the ALJ's conclusion that A.J. had "less than a marked

4

limitation" in the domains of: (1) moving about and manipulating objects and (2) health and well-being.

Before discussing each objection individually, it must be noted that each objection requests this Court to reconsider a determination of the ALJ where reasonable minds could differ. Ultimately, Plaintiff's arguments are based on specific evidence that supports her outcome and requests this Court to reverse the ALJ's conclusions based on this evidence. This cannot be done. At this stage, the only question is whether the ALJ's finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Furthermore, where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* at 653.

### A. MOVING AND MANIPULATING OBJECTS

In her objections, Plaintiff argues that the R&R "erroneously accepts the ALJ's conclusion that because A.J. can dance, ride a bike, throw a ball, jump rope, and use video games controls" and because Dr. Morris described A.J.'s gait as "almost normal in 2011, A.J. has less than marked limitation in moving about and manipulating objects." (Dkt. 22 at 1).

The R&R does not accept any conclusion. Instead, the R&R reviews the ALJ's conclusion and determines if it is supported through substantial evidence. In this case, the ALJ's determination is supported through substantial evidence. The ALJ reviewed A.J.'s medical records, the testimony of A.J. and her mother, and the report of Ms. Campbell. The ALJ recognized that A.J. has a history of surgeries for her bilateral clubfeet, walks with a limp, requires extra time to walk to class at school and cannot run, swim, drive a car, or play sports. R. 24. However, the ALJ noted that A.J. is able to perform a variety of physical activities, and can

5

Case 6:15-cv-00006-NKM-RSB   Document 23   Filed 08/30/16   Page 5 of 8   Pageid#: 465

dance, ride a bike, throw a ball, jump rope, and use video game controls. *Id.* Furthermore, the evidence provides that A.J. is capable of going up and down stairs independently and shopping at the mall. R. 24, 172. A.J.'s teacher, who sees her on a daily basis, observed she has no difficulty in regard to this domain. R. 152. Drs. Duckwall and Surrusco reviewed A.J.'s records and found that A.J. had less than marked limitation in this domain. R. 50–52, 60–61.

Thus, there is substantial evidence through A.J.'s physical activities, education records, and various testimony, to support the ALJ's conclusion that A.J. has less than marked limitations in the domain of moving about and manipulating objects. *See Mitchell ex rel. Dabney v. Astrue*, No. 4:10-cv-28, 2011 WL 2604833, at *4 (W.D. Va. Apr. 11, 2011) (substantial evidence supports ALJ's finding of no limitation in domain of moving about and manipulating objects where a child can run, walk, throw a ball, ride a bike, jump rope, use scissors, work video game controls, and dress/undress dolls or action figures).

## B. HEALTH AND WELL-BEING

In her second objection, Plaintiff argues the R&R erred "in finding substantial evidence supports the ALJ's finding that A.J. had less than a marked limitation in the domain of health and well-being." (Dkt. 22 at 3). Specifically, Plaintiff argues that A.J.'s newest surgery, in August 2013, undermines the state agency physicians' opinion in January (Dr. Duckwall) and April 2012 (Dr. Surrusco). *Id.* at 4.

While the new surgery provides additional evidence, it is not a basis for remand. The issue before this Court is not whether it is plausible that a different fact finder could have drawn a different conclusion. Instead, the Court must determine whether the ALJ's decision is supported by substantial evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The ALJ considered medical records concerning the new surgery. Specifically, the ALJ found that

medical records revealed that after A.J.'s recent surgery she reported no new problems and was not using pain medication. R. 362 (stating A.J. "[d]enies any new issues."). Without any new issues, it is reasonable for the ALJ to then consider the dated state physicians' reports from early 2012. From these reports, the physicians found that A.J. had less than marked limitation in this domain. R. 26. A.J.'s teachers also provided evidence that A.J. had no limitation in this domain, in her class, other than needing extra time to get to class and being restricted from running and jumping in gym class.[1] *Id.* In addition, A.J. reported that she functioned well in school, helped at home, and engaged in other activities such as shopping at the mall. R. 24, 172.

Therefore, I find that the ALJ's conclusion that A.J. has less than marked limitation with the domain of health and well-being is supported by substantial evidence.

### IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling Plaintiff's Objections (dkt. 22), adopting the Magistrate Judge's R&R in full (dkt. 21), granting the Commissioner's Motion for Summary Judgment (dkt. 15), denying Plaintiff's Motion for Summary Judgment (dkt. 13), and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  30th  day of August, 2016.

---

[1] In her objection, Sandidge argues that the teacher only opined concerning limitations in her class, Language Arts 8, which requires no physical activity. While this qualification is true, the teacher likely observes A.J. on a day to day basis going from class to class and any activity in her class that requires physical exertion, such as moving into small groups or getting in front of the class. Even accepting this argument, the ALJ's determination is still supported by substantial evidence found elsewhere in the record.

7

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE